UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TAIR TEN FUNCHES, | ) | 1:10cv0819 DLB |
| | ) | |
| | ) | |
| | ) | ORDER REGARDING |
| Plaintiff, | ) | PETITION FOR FEES |
| | ) | |
| v. | ) | (Document 24) |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on a petition for attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), filed on June 6, 2011, by Plaintiff Tair Ten Funches ("Plaintiff"). Defendant filed an opposition on June 17, 2011, arguing that the fee requested is unreasonable and should be reduced. Plaintiff filed a reply on July 1, 2011.

The matter is currently before the Court on the parties' briefs, which were submitted to the Honorable Dennis L. Beck, United States Magistrate Judge.[1]

## **BACKGROUND**

Plaintiff filed the instant Complaint challenging the denial of benefits on April 6, 2010. On April 19, 2011, the Court issued an order remanding the action for further proceedings. The

---

[1] The parties consented to the jurisdiction of the United States Magistrate Judge.

Court ordered the ALJ to obtain a reasonable explanation from the vocational expert for the conflict between her testimony and the <u>Dictionary of Occupational Titles</u>.

By this motion, Plaintiff seeks $3,861.84 in attorneys' fees for 20.2 hours of attorney time and 2.9 hours of paralegal time. In opposition, Defendant contends that the requested fees are unreasonable and suggests that the Court award no more than $1,930.92 (a 50 percent reduction).

## DISCUSSION

**1.     Attorney Fees**

Under the EAJA, a prevailing party will be awarded reasonable attorney fees, unless the government demonstrates that its position in the litigation was "substantially justified," or that "special circumstances make an award unjust." 28 U.S.C. § 2412 (d)(1)(A). An award of attorney fees must be reasonable. *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001). "[E]xcessive, redundant, or otherwise unnecessary" hours should be excluded from a fee award, and charges that are not properly billable to a client are not properly billable to the government. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). A court has wide latitude in determining the number of hours reasonably expended. *Cunningham v. County of Los Angeles*, 879 F.2d 481, 484 (9th Cir. 1988).

Plaintiff requests a total of $4,036.90 for time spent in litigating this action. This breaks down to a total of 21.2 attorney hours billed at 2010 rates and 2.9 hours in paralegal time. In support of the request, Plaintiff submits an itemization of time spent by (1) attorney Steven G. Rosales from March 17, 2010, through June 6, 2011; and (2) paralegal Enedina Perez from March 17, 2010, through April 25, 2011.

Defendant does not dispute that Plaintiff is entitled to a fee award as the prevailing party, nor does he dispute the hourly rate. Rather, he contends that the requested time is "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. To demonstrate the excessive nature of the requested fees, Defendant points out that Plaintiff raised only one issue: "whether a functional limitation to simple tasks preclude[s] work requiring a reasoning level of three." Opposition, p 3; Doc. 18. Defendant argues that a "cumulative charge of 18.5 hours is excessive

for a single-issue case," particularly where Plaintiff's counsel has briefed the issue extensively in other cases. Opp'n, p. 3.

The Court agrees with Defendant that a reduction in the amount of requested attorney's fees is appropriate. This case presented a single, routine issue that was purely legal and should not have required the amount of time sought by Plaintiff's counsel. There is no indication or argument that the issue was novel, complex, or required extensive expertise and skill. Plaintiff's counsel suggests that researching the legal issue required little more than reading cases string cited in *Torrez v. Astrue*, 2010 WL 2555847 (E.D. Cal Jun. 21, 2010), and confirming their relevance to the instant matter. Reply, p. 6. Plaintiff's counsel also does not counter the Defendant's contention that this issue has been briefed by counsel's law firm in other Social Security cases. Further, the issue itself did not demand a detailed factual summary of the administrative record. Indeed, Plaintiff's opening brief contains only a single paragraph of relevant medical evidence. Doc. 18, p. 4.

According to the time records in this case, Plaintiff's counsel expended 2.1 hours to review the transcript, conduct legal research and prepare a voluntary remand request letter. Thereafter, Plaintiff expended an additional 16.4 hours (7.1, 5.9 and 3.4 over the course of three days) for duplicative entries: "review of transcript; conduct legal research regarding issues presented; preparation of opening brief." Declaration of Steven G. Rosales ¶ 2 and Exhibit 1. As the Court has determined these hours to be excessive, an overall reduction of twenty-five (25% percent) of the four essentially duplicative entries is appropriate. Accordingly, Plaintiff's counsel is entitled to 13.9 hours (18.5 x .25 = 4.6 (rounded to nearest tenth); 18.5 - 4.6 = 13.9) for review of the transcript, legal research and preparation of the opening brief. Plaintiff's requested hours for additional work totaling 1.7 hours will not be reduced. Plaintiff's counsel also is entitled to the requested 1 hour of time for preparation of the EAJA fee motion. *See Fortes v. Astrue,* 2009 WL 3007735, *4 (S.D. Cal. 2009). Accordingly, Plaintiff's counsel is entitled to total of 16.6 hours of time.

**B.      Paralegal Fees**

Plaintiff's counsel request 2.9 hours expended by a paralegal in this matter. Defendant has not objected to this amount. Therefore, Plaintiff's counsel is entitled to 2.9 hours of paralegal time. *See, e.g.,* Rogers v. Astrue, 2010 WL 4569058, *6 (E.D. Cal. Nov. 3, 2010) (awarding uncontested paralegal fees).

## **AWARD**

Plaintiff's motion is therefore GRANTED IN PART and DENIED IN PART. Plaintiff is entitled to an award in the total amount of $3,233.03 broken down as follows:

Attorney Fees:

16.6 hours at $175.06 per hour    $2,906.00.

Paralegal Fees:

2.9 hours at $112.77 per hour    $327.03

This amount is payable to Plaintiff pursuant to Astrue v. Ratliff, 130 S. Ct. 2521 (2010).

IT IS SO ORDERED.

Dated:   **July 27, 2011**              /s/ **Dennis L. Beck**
                                UNITED STATES MAGISTRATE JUDGE